FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

FEB 4 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN MARIO LEE,
INMATE NO. 0826596,
    Plaintiff,

v.

PAUL HOWARD; R.E. JOHNSON; and KEVIN STEVEN SCHUMAKER,
    Defendants.

:   PRISONER CIVIL RIGHTS
:   42 U.S.C. § 1983
:
:   CIVIL ACTION NO.
:   1:09-CV-0095-TWT

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

### I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

AO 72A
(Rev.8/82)

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

    A. Plaintiff's Allegations

Plaintiff, currently held at the Fulton County Jail, states that on January 19, 2007, he was arrested, pursuant to indictment no. 07SC55564, along with two co-

2

defendants, Derrick White and Marco Thomas. (Doc. 1 at ¶ IV). Plaintiff states that Thomas was represented by Defendant Kevin Schumaker. (Id.). On February 6, 2007, Plaintiff was released on bond. On April 13, 2007, during a court hearing, Plaintiff was informed by his counsel, Kazuma Sonoda, that, after he filed a speedy trial motion, his representation of Plaintiff would end. (Id.).

On July 13, 2007, Plaintiff and co-defendant Larry James Brown, also represented by Defendant Schumaker, were arrested by Defendant R.E. Johnson, an Atlanta police officer. (Id.). Plaintiff alleges that Johnson relied on a vague description of a suspect wearing a black t-shirt and dark jeans to effectuate the arrest. (Id.). Plaintiff further alleges that Johnson's sworn statement is vague and lacks "particular allegations as to the means by which Plaintiff personally committed any offense." (Id.). By these acts, Plaintiff contends that Johnson violated the Due Process Clause of the Fifth Amendment. (Id.).

On July 20, 2007, Defendant Paul Howard, Fulton County District Attorney, obtained a second indictment, indictment no. 07SC58528, against Plaintiff. (Id.). Plaintiff alleges that Howard relied "on vague and very frivolous information lacking any facts in support of the actual accusations." (Id.). Howard's actions, according to Plaintiff, violated his due process rights. (Id.).

3

Plaintiff states that during his jury trial of the charges found in indictment number 07SC55564, held June 10-12, 2008, he was represented by Defendant Schumaker, who was still representing two of Plaintiff's co-defendants. (Id.). At the conclusion of the trial, Plaintiff was found guilty. Plaintiff alleges that his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments were violated, as a result of Schumaker's alleged conflict of interest. (Id.).

As relief, Plaintiff seeks dismissal of the sentence he received under indictment no. 07SC55564 and the charges contained in indictment no. 07SC58528. (Doc. 1 at ¶ V). Plaintiff also seeks money damages against the named Defendants.

B. Analysis of Plaintiff's Claims

1. Dismissal of Charges and Sentence

Plaintiff seeks to have his sentence, and presumably the underlying conviction(s), dismissed under one indictment and to have the charges dismissed in another indictment. Although not clear, the charges in the latter indictment are apparently still pending.

"Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Muhammad v. Close, 540 U.S. 749,

4

750 (2004) (per curiam). "[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. at 750. Importantly, release from custody is not an available remedy in a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973). Accordingly, Plaintiff may not seek to have his pending charges and current sentence dismissed via a civil rights complaint.

However, this portion of this civil action is not one which needs to be re-styled as a federal habeas corpus petition. First, with regard to Plaintiff's apparently pending state criminal case, it is well-established "that except in extraordinary circumstances a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." Thompson v. Wainwright, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing Younger v. Harris, 401 U.S. 37 (1971)).

Extraordinary circumstances may justify intervention by a federal court, if a petitioner alleges a great, immediate and irreparable injury or a flagrant violation of an express constitutional prohibition. Younger, 401 U.S. at 46-49. Here, Plaintiff's assertion of being denied certain constitutional rights does not state an exception to the Younger abstention doctrine. See New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 365 (1989) (relying on

Younger to state that "the mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction"). Thus, this Court should refrain from interfering in Plaintiff's pending state criminal case.

Plaintiff states that he was convicted under one of the indictments. The database for the Georgia Court of Appeals does not show that Plaintiff sought direct review of his conviction(s) in that court. (www.gaappeals.us). Even if Plaintiff has appealed this conviction(s), he is required to exhaust his state court remedies before challenging the constitutionality of his conviction(s) in federal court. See 28 U.S.C. § 2254(b)(1); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 366 (1995) (a state petitioner who claims a trial court decision violated federal law "must say so, not only in federal court, but in state court"); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992) ("a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously"). As Plaintiff has either not pursued review of his claims in the Georgia Court of Appeals, or has

not had that review completed, this Court should not review the merits of his allegations related to the indictment under which he was convicted at trial.

In summary, Plaintiff's attempt to have his charges, conviction(s) and sentence dismissed is premature, pursuant to Younger and the statutory exhaustion requirement of 28 U.S.C. § 2254(b)(1). Accordingly, this portion of the instant civil rights action should be dismissed without prejudice. See Bailey v. Nagle, 172 F.3d 1299, 1307 (11th Cir. 1999) (dismissal for failure to exhaust state remedies, is "without prejudice"); Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 32 n.4 (1st Cir. 2004) ("a dismissal on Younger grounds is without prejudice"); Smith v. Mercer, 266 Fed. App'x. 906, *1 (11th Cir. 2008) (citing Maymo-Melendez and holding that dismissal under Younger is without prejudice) (unpublished opinion).

2. Claim for Damages

Plaintiff seeks money damages against the three named Defendants. For the following reasons, this portion of this civil rights action should also be dismissed.

With regard to Defendant Howard, prosecutors enjoy "absolute immunity" from money damages for malicious prosecution when they perform their "role as an advocate." Kalina v. Fletcher, 522 U.S. 118, 127 (1997). Plaintiff, therefore,

cannot recover money damages from Howard on the basis that he allegedly prosecuted Plaintiff in violation of the Constitution.

Defendant Schumaker is Plaintiff's appointed counsel. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk v. County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, Plaintiff may not recover damages from Defendant Schumaker in this civil rights action. Id. (dismissing § 1983 action against appointed defense counsel).

Plaintiff also alleges that Defendant Johnson violated the Due Process Clause during the arrest of Plaintiff and in the sworn statement given in support of the arrest. This Court liberally construes these allegations as a claim of malicious prosecution against Defendant Johnson. The Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant before he can recover damages in a civil rights action for malicious prosecution. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); see also Antonelli v. Foster, 104 F.3d 899, 901 (7th

Cir. 1997) (applying Heck to suits "premised . . . on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"). Plaintiff's conviction(s) and pending state criminal case have not been resolved in his favor. Accordingly, Plaintiff may not recover damages from Defendant Johnson in this action, and this claim should be dismissed with prejudice. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (a civil rights action barred by Heck, should be dismissed "with prejudice").

III. Conclusion

**IT IS ORDERED** that Plaintiff's claims challenging the constitutionality of his pending state criminal case and his state conviction(s) are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's remaining claims are **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 4 day of February, 2009.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)